ROSALÍA COFRESÍ WIDOW OF SILVA and JOSÉ ÁNGEL SILVA, ETC., ET AL., Plaintiffs and Appellants, *v.* SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICENCIA and GREAT AMERICAN INS. CO., Defendants and Appellees.

No. R-69-274.        Decided June 3, 1971.

*Benjamín Ortiz* for appellants. *Antonio Córdova González, Pedro Toledo González,* and *Edwin Tyler Albizu* for appellees.

PER CURIAM: While confined as a patient at the Hospital Auxilio Mutuo, Rosalía Cofresí Widow of Silva, 90 years old,

suffered physical lesions as a result of a fall. She and her sons and daughters sued the owner of the hospital and its insurer claiming damages, and after a trial on the merits, the San Juan Part of the Superior Court, rendered judgment ordering defendants to pay plaintiffs the total amount of $6,250.90 for damages, plus costs, and $300 as attorney's fees. Said total amount is broken down as follows: $2,000 for the fracture and lesions suffered by Rosalía; $500 for physical and mental sufferings; $1,750.90 for medical and hospital expenses, and $500 for each one of her four children for their mental sufferings.

We issued this writ at plaintiffs' request to review the amount of the compensation.[1]

In the unchallenged findings of fact of the trial court, it was established, that when Rosalía was confined as a patient at defendant's institution, she was 90 years old, suffered from a cerebral syndrome, with cerebral arteriosclerosis and mental confusion, severe arthritis and calcification of the left knee. Her eyesight was deficient and she did not have any balance or adequate orientation in her movements. She walked, although with difficulty. After suffering the fall she was confined at the Geriatric Department of the Hospital Auxilio Mutuo and later transferred to the hospital for treatment. The trial court concluded also:

"4—As a result of the aforementioned fall she suffered contusions in different parts of her body and especially suffered a fracture on her hip, specifically a sub-capital fracture in the left femur. As a result of that fracture it was necessary to submit her to a surgical operation. As a result thereof Rosalía had intense physical and moral sufferings and could not walk any more until the day of her death.[2]

"5—As a result of Rosalía's fall and of its aforementioned consequences, her son and three daughters, plaintiffs José Ángel,

---

[1] We refused to review the judgment at defendants' request in appeal No. R-69-273, for which reason their liability is not in issue.

[2] Rosalía died some six years after the accident for other reasons.

Rosita, Sara, and Herminia Silva sustained and suffered anguish and mental and moral sufferings.

"6—As a result of Rosalía's aforementioned fall and its already described consequences, she had to submit to an operation and to medical and hospital treatment concerning the contusions and the aforementioned fracture, and plaintiffs had to incur expenses for surgery, treatment and hospitalization and medicines."

We indicated at the beginning the amounts granted for each one of these items.

Appellants maintain that the trial court erred in granting them the amount of $1,750.90 for medical and hospital expenses, and medicines since the evidence establishes that these expenses amount to $11,541.72.[3]

Mrs. Cofresí was hospitalized and submitted to the surgical operation on February 6, 1961, and remained confined until the following March 3, that is, less than one month, and transferred to Geriatrics where she had been confined before and after the accident. On April 12 of the same year, 1961, she was discharged from Geriatrics and transferred to the residence of one of her daughters.

Appellants introduced abundant documentary evidence to justify the expenses incurred during the five years which Mrs. Cofresí lived after the accident. Those expenses are broken down in the following manner:

| | |
|---|---|
| Nurses | $ 8,462.32 |
| Physicians | 304.00 |
| Drugstores | 1,015.70 |
| Medical Equipment | 420.35 |
| Laboratories | 219.00 |
| Transportation | 93.45 |

---

[3] In the complaint the amount of $3,400 was claimed for these items. In view of the result which we will reach, it is unnecessary to decide whether it was proper to consider as amended the allegations to conform them to the evidence. Rule 13.2 of the Rules of Civil Procedure.

Auxilio Mutuo ............... 1,026.90

Total.... $11,541.72

Of these expenses the trial court granted only the items for physicians, medical equipment, and Auxilio Mutuo for a total of $1,750.90.

The trial court seems to have understood and not without basis therefor, that the other items for expenses did not have a connection with the accident but with the treatment of the other sickness from which Mrs. Cofresí suffered. It does not appear from the record that the use of nurses would obey to medical orders or prescriptions or that the accident was the cause of the need for such services. What appears from the record is that in a newspaper classified ad what was requested were the services, not of a nurse, but of an employee to take care of Mrs. Cofresí. See *Masa* v. *Water Resources Authority*, 96 P.R.R. 834 (1969). On the other hand, an examination of the documentary evidence reveals that actually not all the expenses claimed correspond to the period of hospitalization, some of the checks having a date previous to said period, rather having relation with Mrs. Cofresí's stay in Geriatrics than with the accident. Consequently we shall not alter on review the item of $1,750.90.

Now, we consider that the amounts granted to Mrs. Cofresí Widow of Silva do not adequately compensate the damages suffered by her as a result of the accident.

We have decided on previous occasions that the amount which is granted as damages to a claimant depends on the many and varied attendant circumstances in the case and therefore, it cannot be adopted as a fixed rule and obligatory precedent of decision in a specific case. *Sánchez* v. *Sucesión J. Serrallés*, 53 P.R.R. 77 (1938); *Goose* v. *Hilton Hotels*, 79 P.R.R. 494 (1956); *Salazar* v. *Indus. Comm.; Mgr. State Fund, Int.*, 76 P.R.R. 102 (1954); *Baralt* v.

*Báez*, 78 P.R.R. 115 (1955). Among the circumstances to be considered are the age and health of the injured. However, neither the one nor the other should be definite, nor controlling factors by themselves, to deny a fair and reasonable compensation. Although the injured in this case was a woman advanced in years who suffered from other sicknesses and ailments at the time of the accident, the latter aggravated her health in such a manner that, besides suffering physical pains as a result of the fracture, she had to submit to a surgical operation remaining hospitalized for almost a month, and afterwards she had to remain in bed until her death which occurred some five or six years later because as a result of the accident she never walked again. The amounts of $2,000 and $500 do not compensate these damages fairly and reasonably and should be raised to $8,000 and $2,000, respectively. Neither does the amount of $500 granted to each one of the children of Mrs. Cofresí Widow of Silva seem reasonable and fair to us, in view of the circumstances in the record, and the same should be increased to $1,000 for each one of them.

Taking into consideration the amounts granted as compensation in this review, as well as the other factors to be considered in the granting of attorney's fees, those granted by the trial court should be raised to $1,200.

The judgment of the trial court will be modified in the terms stated in this opinion and thus modified it will be affirmed.